IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT BAKER, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING LP;<br>IMPAC FUNDING CORPORATION;<br>RECONTRUST COMPANY, N.A.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY; SOVEREIGN BANK; and<br>PREMIER TITLE INSURANCE<br>AGENCY, INC.,<br>                    Defendants. | **MEMORANDUM DECISION AND<br>REPORT AND RECOMMENDATION<br>TO GRANT MOTION TO DISMISS**<br><br>Case No. 2:11-cv-00720 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

District Judge Clark Waddoups referred this case to the Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of

dispositive matters.[1]  Defendants Bank of America, N.A. (BANA), as successor by merger to

BAC Home Loans Servicing LP; Mortgage Electronic Registration Systems, Inc. (MERS); and

ReconTrust, N.A. (ReconTrust) have moved to dismiss the complaint.[2]  No other defendants

have been served.  No response has been filed to the motion to dismiss.  This Report and

Recommendation concludes that the motion to dismiss should be granted.

---

[1] Docket no. 5, filed August 12, 2011.

[2] Motion to Dismiss Complaint, docket no. 6, filed August 17, 2011.

**Factual Background**

In May 2006 Plaintiff Baker borrowed $314,000 from Impac Funding Corporation.[3] The loan was evidenced by a promissory note and secured by a deed of trust in Cottonwood Heights, Utah.[4] MERS was named as the beneficiary under the trust deed.[5] BANA is the servicer of the promissory note for its investors.[6]

In April 2010, Plaintiff Baker defaulted under the promissory note and a Notice of Default and Election to Sell was recorded.[7] On July 27, 2010, MERS assigned the rights as beneficiary under the trust deed to BAC (now BANA)[8] and ReconTrust was substituted as trustee.[9]

ReconTrust noticed a trustee's sale which was scheduled for August 4, 2011.[10] On Plaintiff's request, the Third District Court for Salt Lake County issued a temporary restraining order enjoining the trustee's sale on August 2, 2011.[11] The person conducting the sale did not become aware of the restraining order until after the trustee's sale had occurred on August 4,

---

[3] Complaint ¶¶ 14, 17.

[4] *Id.* ¶ 14.

[5] Deed of Trust attached as Exhibit 1 to Memorandum in Support of Motion to Dismiss Complaint (Supporting Memorandum), docket no. 7, filed August 17, 2011.

[6] Complaint ¶ 45.

[7] Exhibit 2 to Supporting Memorandum.

[8] Complaint ¶ 30; Memorandum in Support of Temporary Restraining Order at 4, docket no. 2-4, filed August 9, 2011.

[9] Substitution of Trustee, Exhibit 3 to Supporting Memorandum; Memorandum in Support of Temporary Restraining Order at 4.

[10] Supporting Memorandum at 3.

[11] Temporary Restraining Order, docket no. 2-5, filed August 9, 2011.

2011.[12]  After learning of the restraining order, BANA and ReconTrust rescinded the sale of the

property.[13]  The case was removed to this Court on August 9, 2011.


### Claims in Complaint

Plaintiff Robert Baker asserts three claims against the moving defendants:

The first cause of action to **quiet title** is asserted against all defendants.[14]
The second cause of action for "**wrongful foreclosure**" is asserted against Recontrust.[15]
The third cause of action for "**wrongful foreclosure**" is asserted against BAC.[16]


### Standard of Review – Motion to Dismiss

The Tenth Circuit recently stated that to withstand a motion to dismiss under *Bell Atl.*

*Corp. v. Twombly*[17] and *Ashcroft v. Iqbal,*[18] "a complaint must have enough allegations of fact,

taken as true, to state a claim to relief that is plausible on its face."[19]  And while "a court must

accept as true all of the allegations contained in a complaint" this rule "is inapplicable to legal

conclusions."[20]  "[A] plaintiff must offer specific factual allegations to support each claim."[21]

And only "a plausible claim for relief survives a motion to dismiss."[22]  "[A] plaintiff must offer

---

[12] Supporting Memorandum at 3.

[13] *Id.*

[14] Complaint, docket no. 2-2 ¶¶ 72-85, filed August 9, 2011.

[15] *Id.* ¶¶ 86-102.

[16] *Id.* ¶¶ 103-114.

[17] 550 U.S. 544 (2007).

[18] 556 U.S. 662 (2009).

[19] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(citations and quotations omitted).

[20] *Id.* (citations and quotations omitted).

[21] *Id.* (citations and quotations omitted).

[22] *Id.* (citations and quotations omitted).

sufficient factual allegations to raise a right to relief above the speculative level."[23]

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

"Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[25]

### Quiet Title Claim

"To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title."[26]  Plaintiff Baker only alleges he "owns" the real property that is the subject of the Complaint.[27]  In a similar quiet title action, this court held insufficient an attack asserting that the failure of defendants to retain any interest in the obligations under the Notes voided any title or power defendants might have under the Trust Deeds, and rendered the Trust Deed unenforceable.[28]  The similar attempt fails here.

The essence of Baker's quiet title claim is that "[a] split of the Note and the Trust Deed has occurred and therefore the latter is a nullity."[29]  This court has already rejected this argument,[30] as has the Utah Court of Appeals.[31]   The Tenth Circuit has evaluated the decision of

---

[23] *Id.* (citations and quotations omitted).

[24] *Iqbal*, 129 S.Ct. at 1950.

[25] *Kansas Penn*, 656 F.3d at 1214.

[26] *Collard v. Nagle Constr.*, 57 P.3d 603, 607 (Utah Ct. App. 2002) (citations omitted).

[27] Complaint ¶ 12.

[28] *Marty v. Mortgage Elec. Reg. Sys.*, No. 1:10-cv-00033 CW, 2010 WL 4117196, at *8 (D. Utah Oct. 19, 2010).

[29] Complaint ¶ 64.  *See also* Complaint ¶¶ 77-78.

[30] *Marty*, 2010 WL 4117196, at *4-6.

the Utah Court of Appeals, noting "the Utah Supreme Court chose not to grant certiorari."[32]  The

Tenth Circuit therefore deferred to the Utah Court of Appeals' decision.


## Wrongful Foreclosure Claims

Plaintiff's wrongful foreclosure claim against ReconTrust[33] relies on the Utah statute that

limits power of sale foreclosure authority to "any active member of the Utah State Bar" who

meets certain qualifications or "any title insurance company or agency" who meets other

specified qualifications.[34]  Plaintiff says:

> 88. Because Recontrust is neither a member of the Utah State Bar nor a title
> insurance company.
>
> 89. Defendant Recontrust has initiated a foreclosure and sale against the Property
> while not holding the power of sale.
>
> 90. Defendant Recontrust's foreclosure is illegal.[35]

The viability of this claim depends on the effect of the Utah statute on ReconTrust.

ReconTrust is a national banking association operating under the Federal National Bank Act

(NBA).[36]  ReconTrust is authorized by the Comptroller of the Currency under 12 U.S.C. §92a.

ReconTrust argues that the Utah statute requiring power of sale to attorneys and title

companies is pre-empted by federal law.[37]  The analysis of pre-emption is different when

national banking law is at issue.

---

[31] *Commonwealth Prop. Advocates, LLC v. Mortgage Electronic Registration Sys., Inc.*, 263 P.3d 397, 403 (Utah Ct. App. 2011).

[32] *Commonwealth Property Advocates, LLC v. Mortgage Electronic Systems, Inc.*, --- F.3d ----, 2011 WL 6739431, *7 (10th Cir. 2011).

[33] Complaint ¶ 87.

[34] Utah Code Ann. §§57-1-21(3) and 57-1-23.

[35] Complaint ¶¶ 88-90.

[36] Supporting Memorandum at 6-7.

[37] *Id.*

[I]n the area of national banking, the Supreme Court has repeatedly held that the nature of a preemption analysis is different than in other areas of law. While there is a general presumption that state laws are not preempted by federal law, this presumption does not apply in the context of national banking.[38]

Under 12 U.S.C. §92a(a), national banks are authorized to enter into broad activities as trustees.  At issue is the grant of authority to engage in capacities "in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located."[39]

The critical issue is where ReconTrust is "located."  ReconTrust alleges it is located in Texas, because under the regulations enabling 12 U.S.C. §92a(a).  "A national bank acts in a fiduciary capacity in the state in which it accepts the fiduciary appointment, executes the documents that create the fiduciary relationship, and makes discretionary decisions regarding the investment or distribution of fiduciary assets."[40]  ReconTrust points to the Notice of Default[41] and Substitution of Trustee[42] as documentary evidence of its location.

ReconTrust foreclosure documents involving plaintiff's property were executed in Texas and contain Texas return addresses, indicating ReconTrust's trust operations for Utah properties – including where ReconTrust accepts Utah-based trust appointments, executes the documents related thereto, and makes decisions regarding Utah foreclosures – occur in Texas.[43]

Under Texas Law, ReconTrust is permitted to exercise power of sale in non-judicial foreclosure.[44]  Therefore, over three years ago, one judge of this court held that under 12 U.S.C.

---

[38] *Cox v. ReconTrust Co., N.A.*, No. 2:10-CV-492 CW, 2010 WL 2519716 at *5 (D. Utah June 11, 2010).

[39] 12 U.S.C. §92a(a).

[40] 12 C.F.R. §9.7(d).

[41] Exhibit 2 to Supporting Memorandum.

[42] Exhibit 3 to Supporting Memorandum.

[43] Supporting Memorandum at 9.

[44] Tex. Fin. Code §§ 32.001 & 182.001; Tex. Prop. Code §§ 51.0074 & 51.0001(8).  See also *Zabriskie v. ReconTrust Company* at 10, No. 08-155 BSJ (Nov. 12, 2008).

§92a(a) the Texas statute authorizes ReconTrust to exercise power of sale under a Utah deed of trust.[45]  Recently, two other judges came to that same conclusion.[46]

However, two other decisions of this court have determined that Utah law, limiting exercise of power of sale to attorneys and title companies, governs ReconTrust.  In the first case, the court was "unconvinced by ReconTrust's argument that §92a(b) dictates that the court look to some state law other than Utah state law to evaluate ReconTrust's foreclosure activities in Utah."[47]

> The powers granted to ReconTrust under federal law in this case are limited by the powers granted by Utah state law to ReconTrust's competitors.  Accordingly, the extent of ReconTrust's federal powers must be determined by reference to the laws of Utah, not by reference to the laws of some other state.  Under Utah law, the power to conduct a non-judicial foreclosure is limited to attorneys and title companies.  The scope of the powers granted by federal law is limited to the same power Utah statute confers on ReconTrust's Utah competitors. The federal issue, therefore, is whether Recontrust is a competitor of Utah attorneys or title insurance companies.[48]

Without determining the issue, that decision granted the plaintiff leave to amend to properly state her claim.[49]  The second opinion, by another judge, followed the reasoning of the first case.[50]

The difference in these two results is the respective judges' understandings of where ReconTrust is "located."  A very complete discussion of this issue was presented in the 2008 case which held that Texas law applied because ReconTrust is located in Texas.

> Plaintiffs argue that because their Property was located in the state of Utah, ReconTrust Company should be deemed to be located there.  This argument is at odds with the express purpose of preemption, which is to allow federal savings

---

[45] *Zabriskie v. ReconTrust Company* at 10, No. 08-155 BSJ, docket no. 31 (D. Utah Nov. 12, 2008).

[46] *Garrett v. ReconTrust Company, N.A.*, 2:11 cv 763 DS, docket no. 9 (D. Utah December 21, 2011), and *Dutcher v. Matheson*, 2:11 cv 666 TS, 2012 WL 423379 (D. Utah February 8, 2012.).

[47] *Cox v. ReconTrust Co., N.A.*, No. 2:10-cv-492 CW, 2011 WL 835893 at *6 (D. Utah March 3, 2011).

[48] *Id.*

[49] *Id.*

[50] *Coleman v. ReconTrust Company, N.A.*, No. 2:10-cv-1099 DB, docket no. 87 (D. Utah October 4, 2011).

associations to perform activities" in accordance with the best practices of thrift institutions in the United States . . . *free from undue regulatory duplication and burden* . . . in accordance with a *uniform scheme of Federal regulation*."  12 C.F.R. § 550.136(a), emphasis supplied.  To hold that a federal savings association is located in the place where a borrower's property is located would undermine the uniform scheme of federal banking regulation.  Plaintiffs' argument is also contrary to the express language of 12 U.S.C. 1664(n)(1) which provides that it is the laws of the state in which the federal savings association is located, not the state in which a foreclosed property is located.[51]

While the statute and regulation at issue in this case are different, they express the same principles and are based on the same policies.  Federal preemption in the banking industry allows uniform practices.  The regulations give the bank the discretion to designate the state "in which it is located" under 12 U.S.C. §92a.  "If these activities [accepting appointment, executing documents, and making decisions] take place in more than one state, then the state in which the bank acts in a fiduciary capacity for section 92a purposes is the state that the bank designates from among those states."[52]  Rather than being bound by the law of each state in which *property* is located, ReconTrust must comply with the law of the state in which *ReconTrust* is located.  The regulations also recognize that ReconTrust may act as a fiduciary *with regard to property* in states other than that in which it *acts in a fiduciary capacity*.  "While acting in a fiduciary capacity in one state, a national bank may market its fiduciary services to, and act as fiduciary for, customers located in any state, and it may act as fiduciary for relationships that include property located in other states."[53]  This grant is consistent with the expectation that one state's law will govern all activities of the bank.  In this present case, ReconTrust is acting in its fiduciary capacity from its location in Texas with respect to property located in Utah.

---

[51] *Zabriskie* at 10-11.

[52] 12 C.F.R. § 9.7(d).

[53] 12 C.F.R. § 9.7(b).

The most recent opinion on ReconTrust's authority also concludes that "even if Texas law does not apply," ReconTrust is entitled to act as a foreclosing trustee with power of sale because "title companies compete with Recon[Trust]."[54]

> Recon holds itself out as a provider of foreclosure trustee services in Utah, as is readily obvious from the fact that the basis for this suit is Recon's provision of those services. It follows that a Utah title company that offers the same services is in direct competition with Recon. Accordingly, Recon is entitled to the same privileges as a Utah title company.[55]

Thus there are two very sound alternative reasons for concluding that there is no basis for Baker's illegal foreclosure claim against ReconTrust.

Baker also alleges a wrongful foreclosure claim against BAC (now BANA).

> 95.  Defendant BAC is not the beneficiary of either Note 1 or Note 2.
> 96.  Because Defendant BAC is not the beneficiary of Note 1 or Note 2, Defendant BAC does not have standing to substitute a trustee under the Trust Deed.
> 97.  [A]ny entity or person "substituted as trustee" by Defendant BAC is not a proper trustee.
> 98.  Alternately, if Defendant BAC is the beneficiary under the Trust Deed, Defendant BAC has no standing to foreclose, as Defendant BAC does not hold Note 1 or Note 2.
> 104.  Defendant BAC is not the Lender under the Note or the holder thereof.
> 105.  Defendant BAC has no interest in the Note.
> 106.  Because it has no interest in the Note, Defendant BAC lacks standing to foreclose on the Property.
> 107.  Despite lacking standing to foreclose, Defendant BAC has caused foreclosure proceedings to be initiated against the Property.[56]

BAC's argument on this cause of action is thin.  "BANA is servicing the note for the investors who hold the beneficial interests.  Therefore, BANA has the right to foreclose."[57]

---

[54] *Dutcher,* 2012 WL 423379, at *6-7.

[55] *Id.* at 7.

[56] Complaint ¶¶ 95-98, 104-107.

[57] Supporting Memorandum at 13.

Baker's claim has two alternative theories:  First, that BAC is not the beneficiary of the trust deed and therefore lacked authority to appoint a successor trustee.[58]  Second, that if BAC is the beneficiary, it still cannot foreclose because it is not the note holder.[59]

The second, alternative theory is really the "note-splitting" argument in new clothing.  The first theory is directly at variance with an allegation in Baker's Memorandum in Support of Temporary Restraining Order:

> On or about July 27, 2010, a document was recorded in the Salt Lake County Recorder's Office entitled "Corporate Assignment of Deed of Trust/Mortgage" ("Assignment"), purporting to assign all interest in the Trust Deed from Defendant MERS to Defendant BAC.[60]

This theory depends on an assumption that BAC is not the beneficiary of the trust deed because some internet-retrieved statements attached to the complaint show BAC is not the beneficiary.[61]  However, those statements refer to "investor" status, not beneficiary status.  The Substitution of Trustee recites that BAC is the current beneficiary of the trust deed.[62]  Further, no one has come forward claiming to be the true beneficiary in the 18 months since the Substitution was recorded.  There is no substance to the claim that BAC is not truly the beneficiary and not entitled to designate ReconTrust to be the trustee.

---

[58] Complaint ¶ 96.

[59] *Id.* ¶ 106.

[60] Memorandum in Support of Temporary Restraining Order at 4.

[61] Complaint ¶¶ 46-58.

[62] Exhibit 3 to Supporting Memorandum.

## RECOMMENDATION

The magistrate judge recommends that the motion to dismiss[63] be granted, dismissing all claims against Defendants Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP; Mortgage Electronic Registration Systems, Inc.; and ReconTrust, N.A.

## NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated this 13th day of February, 2012.

BY THE COURT

_____

Magistrate Judge David Nuffer

---

[63] Motion to Dismiss Complaint, docket no. 6, filed August 17, 2011.